JOHN W. BROWN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*forgery*—*record.* No indictment can be founded upon an instrument purporting to be a decree of divorce, which, on its face, does not appear to be a copy of the record.

2. To authorize an indictment for forgery, the instrument alleged to have been forged must be such as, if genuine, would be effective.

3. SAME—*fictitious decree.* The Criminal Code has prescribed no punishment against one for making a fictitious decree of divorce from a court of another State.

WRIT OF ERROR to the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. A. L. HUMPHREY, for the plaintiff in error.

Mr. J. J. TUNNICLIFF, State's Attorney, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an indictment preferred by the grand jury of Knox county at the June term, 1876, against John Brown, for forgery. The charge was, that in the county of Knox, on the first day of February, 1876, the defendant, unlawfully, feloniously and willfully contriving to injure, damage, and defraud one Eliza Penn, did then and there unlawfully, feloniously, knowingly, and falsely forge and counterfeit a certain instrument in writing purporting to be a public record and authentic matter of a public nature, viz., a decree of divorce, pretended to be granted in the Marion county circuit court of the State of Indiana, which said false, forged, and counterfeited instrument of writing is as follows:

"*State of Indiana, Marion County, ss. In Marion County Circuit Court, to January Term, A. D. 1876. John W. Brown* v. *Mary J. Brown. Divorce.*

" And now this cause coming on for a final hearing, in said court, and the evidence being heard and it was proven that John W. Brown was married to Mary J. Shum, October 18th, 1870, and that Mary J. Shum, now Mary J. Brown, was guilty of repeated abuse and desertion, for the space of two years previous to the filing of the bill for divorce in this cause; and it also appearing by the evidence that said parties have one child, named Clara Brown, by said marriage, aged about three years; it also appearing by the evidence that the said Mary J. Brown was guilty of repeated abuse, and further that she, Mary J. Brown, deserted and left her husband, on or about the 15th day of January, A. D. 1874, without cause or provocation. Now, therefore, it is ordered and decreed by the court, that the said John W. Brown and Mary J. Brown are henceforth and forever divorced and that the bonds of matrimony heretofore existing between them are forever dissolved, and that the said Mary J. Brown retain the care and custody of said

child, Clara Brown, till she becomes of the age of fourteen
years, and that said John W. Brown pay the costs of this
case to the officers and witnesses.

"C. H. MOFFIT,
"*Judge Circuit Court, Marion Co., Ind.*"

The indictment properly concludes.   A motion was made
to quash the indictment, which was denied, and the defend-
ant, pleading not guilty, was put upon his trial before a
jury, who found him guilty as charged, and fixed his pun-
ishment at two years' confinement in the penitentiary.   A
motion for a new trial was made and denied, and a like dis-
position was made of defendant's motion in arrest of judg-
ment, and judgment rendered on the verdict.

To reverse this judgment defendant has obtained a writ
of error and brought the record to this court.

Various errors are assigned, but we have considered but
one, which strikes at the foundation of the prosecution.   It
is this :

The instrument of writing set out in the indictment does
not, on its face, purport to be an authenticated copy of
a record, and no indictment could be founded upon it.
The statute is in these words :  "Every person who shall
falsely make, alter, forge, or counterfeit any record or
other authentic matter of a public nature   *   *   *   with
intent," etc., "every person so offending shall be deemed
guilty of forgery and shall be punished," etc.   The sec-
tion embraces almost every conceivable instrument of writ-
ing known to the law and in common use in the various
transactions of life, and the whole purport of it leads to the
conclusion that the instrument alleged to be forged must be
such an instrument which, if genuine, would be effective.
A glance at this alleged forged record will satisfy any one
that it has few, if any, indications of a record of a court.
It could deceive no one.   Even the young woman whom it
is alleged it was designed to deceive and defraud, testified
on her re-cross-examination as follows :  "At the time he
showed me the divorce, I glanced at it, and says, it was no

divorce, because there was no seal or stamp on it. He says that it is legal.'' Again, she stated, when the divorce decree was shown to her, she looked at it and said she could get up just as good a one. Again, her brother Charles testified that all he knew about it was what his sister told him ; she said it was not a legal divorce as it had no stamp on it.

Nobody could be deceived by such an instrument of writing who was not quite willing to be deceived. The paper does not purport to be a copy of any record, nor has it the semblance of one save in a few particulars. The most that can be said of the instrument is that it is a fictitious decree, and for making such no penalty is provided by the statute, whilst there is a severe penalty provided by section 107 against any one who shall make, utter, or publish with an intention to defraud any other person, or with like intention shall attempt to pass, utter, or publish, or shall have in his possession, with like intent, any bill, note, or check, or other instrument of writing for the payment of money or property, etc., knowing the same to be fictitious, viz : that he shall be imprisoned in the penitentiary, etc. The instrument in question is, at best, but a fictitious decree of a court of another State, got up with the intent to deceive, no doubt, but against which no penalty seems to be provided by law.

The instrument not being or purporting to be a record, no indictment for forging it could be founded on it, and the finding and judgment were erroneous. The judgment is reversed and the prisoner will be discharged.

*Judgment reversed.*

Mr. JUSTICE WALKER : I am unable to concur in the conclusion reached by the court in this case.